# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: _____

**BRIAN JAMES CARR, individually and on behalf of all others similarly situated,**

　　　　　　Plaintiff,

　　v.

**ELIZABETH OSTENDORF, LLC d/b/a COLORADO BEHAVIOR AND LEARNING GROUP,**

**JURY TRIAL DEMANDED**

　　**and**

**ELIZABETH MARY OSTENDORF**

　　　　　　Defendants.

## CLASS/COLLECTIVE – COMPLAINT

Plaintiff Brian James Carr ("Plaintiff") hereby brings this action against Defendant Elizabeth Ostendorf, LLC d/b/a Colorado Behavior and Learning Group ("Defendant CBLG") and Elizabeth Mary Ostendorf ("Defendant Ostendorf") (collectively, the "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.　Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay individuals employed in the positions of Behavioral Technician ("BT") and/or Registered Behavior Technician ("RBT") wages and overtime compensation pursuant to the requirements of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Colorado's Minimum Wage Orders ("CMWO"), 7 C.C.R. 1103-1, *et seq.* (collectively, "Colorado Wage and Hour Law"), and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. Ann. § 8-4-109, *et seq*.

2. Defendants unlawfully failed to pay BTs and/or RBTs for certain work performed that the Defendants deemed "non-billable", including work performed in excess of forty (40) hours in a workweek, in violation of the FLSA, Colorado Wage and Hour Laws, and the CWCA.

3. Plaintiff brings this action as a representative action under the FLSA, Colorado Wage and Hour Laws, and the CWCA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7. The Court has personal jurisdiction over Defendants because they reside in Colorado.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in the State of Colorado.

## PARTIES

9. Plaintiff Brian James Carr is a United States citizen and currently resides in Colorado Springs, Colorado.

10. Plaintiff was employed by Defendants as a BT from approximately November 11, 2020 to June 18, 2021.

11. At all times relevant hereto, Plaintiff was compensated on an hourly basis.

12. Defendant CBLG is a for-profit business duly organized and existing in Colorado with a principal place of business located at 7011 Campus Drive, Suite 205, Colorado Springs, CO 80920.

13. Defendant Ostendorf is the Chief Executive Officer ("CEO") and owner of Colorado Behavior and Learning Group.

14. Defendant Ostendorf maintains a residence located at 17540 Caribou Drive E, Monument, CO 80132.

15. Defendant Ostendorf has directed employment practices of Defendant CBLG.

16. Defendant Ostendorf has directly or indirectly acted in the interest of Defendant CBLG in relation to its employees at all times relevant herein.

17. Defendant Ostendorf has directly or indirectly acted in the hiring and firing employees.

18. Defendant Ostendorf has directly or indirectly acted in relation to setting employees' conditions of employment.

19. Defendant Ostendorf has directly or indirectly acted in relation to setting employees' schedules.

20. Defendant Ostendorf has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

21. Defendant Ostendorf has directly or indirectly acted in relation to distributing payroll.

22. Defendant Ostendorf has directly or indirectly acted in supervising employees day-to-day.

23. BTs and/or RBTs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

24. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## GENERAL ALLEGATIONS

25. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

26. BTs and/or RBTs provide(d) clinical behavioral health services for clients in Defendants' campuses and in clients' homes.

27. BTs and/or RBTs primary job responsibilities include(d) meeting and interacting with clients and family members through face-to-face encounters as well as through email, phone conversations, and text messaging, completing and/or revising behavior modification plans, filling out paperwork, and entering progress notes and other information into Defendants' client management software, "ReThink."

28. BTs and/or RBTs provide the aforementioned services on a schedule determined by Defendants, who instruct BTs and/or RBTs where and when to report to work.

29. For example, depending on the number of clients assigned by Defendants, BTs and/or RBTs may be required to report to their assigned locations and meet with clients for a designated period of time.

30. Additionally, BTs and/or RBTs are/were required to complete progress notes for each visit/session with a client.

31. BTs and/or RBTs are/were compensated on an hourly basis only for work deemed by Defendants to be "billable" during their scheduled shifts.

32. BTs and/or RBTs typically continue to work at their assigned location beyond their designated shift, when they must continue work without pay.

33. Although BTs and/or RBTs typically leave their last appointment at the end of their designated shift, depending on the number of assigned clients, they are generally required to spend significant time each day performing work deemed by Defendants to be "non-billable," including filling out paperwork, completing progress notes, and entering information into Defendants' client management software, "ReThink."

34. BTs and/or RBTs are allotted only one (1) hour per workweek to perform work deemed by Defendants to be "non-billable."

35. However, BTs and/or RBTs report significant time spent performing "non-billable" work in excess of one (1) hour each workweek.

36. Despite reporting in excess of one (1) hour of "non-billable" work performed, Defendants deny BTs and/or RBTs compensation for time spent in excess of one (1) hour of "non-billable" work performed each workweek.

5

37. Accordingly, BTs and/or RBTs are not compensated for time spent performing "non-billable" work that exceeds one (1) hour each workweek.

38. Additionally, BTs and/or RBTs are/were not compensated for the time spent traveling between work locations.

39. Pursuant to Defendants' policies and procedures, such time traveling between clients and/or sessions was considered "non-billable."

40. As a result, during a typical workweek, BTs and/or RBTs work a significant amount of hours deemed "non-billable" by Defendants, including hours in excess of forty (40) in a workweek.

41. Accordingly, during a typical workweek, BTs and/or RBTs perform a significant amount of work, including work in excess of forty (40) hours in a workweek, for which they do not receive compensation.

42. BTs and/or RBTS are/were, within the meaning of the FLSA and/or Colorado Wage and Hour Laws, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

43. Defendants willfully failed to track and count the time BTs and/or RBTs spent performing non-billable tasks in order to avoid their obligations to pay overtime compensation under the FLSA, Colorado Wage and Hour Laws, and CWCA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

45. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

46. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of:

> All presently or formerly employed Behavioral Technician ("BT") and/or Registered Behavioral Technician ("RBT"), or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years (hereinafter referred to as the "FLSA Collective").

47. Plaintiff estimates that there are in excess of fifty (50) other similarly situated BTs and RBTs who either are working or worked for Defendants within the past three (3) years who were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. The FLSA Collective may be informed of the pendency of this collective action by mail, e-mail, and text message.

48. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective are similarly-situated. The FLSA Collective are/were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' failure to compensate them for certain compensable work designated by Defendants as non-billable, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

49. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants has failed to pay the FLSA

7

Collective an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted the FLSA Collective in the same fashion.

50.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## **CLASS ACTION ALLEGATIONS**

51.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed Behavioral Technician ("BT") and/or Registered Behavioral Technician ("RBT") or in positions with substantially similar job duties (hereinafter, the "Rule 23 Colorado Class").

53.     The members of the Rule 23 Colorado Class are so numerous that joinder of all members is impractical. The Rule 23 Colorado Class may be informed of the pendency of this Class action by mail, e-mail, and text message.

54.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Colorado Class, including, but not limited to:

A.     Whether the Rule 23 Colorado Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the Colorado Wage and Hour Laws, 7 C.C.R. 1103-1, *et seq.*;

B. Whether Defendants were required to count the non-billable work performed by the Rule 23 Colorado Class toward their total hours worked for purposes of calculating overtime compensation under the Colorado Wage and Hour Laws, 7 C.C.R. 1103-1, *et seq.*;

C. Whether the Rule 23 Colorado Class worked in excess of forty (40) hours per week;

D. Whether Defendants' actions were willful;

E. Whether the Rule 23 Colorado Class have suffered and are entitled to damages, and if so, in what amount; and

F. Whether Defendants knowingly failed to pay earned wages to the Rule 23 Colorado Class.

55. Plaintiff's claims are typical of the claims of the Rule 23 Colorado Class. Plaintiff is a former employee of Defendants employed in the position of Behavioral Technician who has suffered similar injuries as those suffered by the Rule 23 Colorado Class as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the Colorado Wage and Hour Laws impacted Plaintiff and the Rule 23 Colorado Class in the exact same way.

56. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Colorado Class. Plaintiff is similarly situated to the Rule 23 Colorado Class and has no conflict with the Rule 23 Colorado Class.

57. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

58. Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Rule 23 Colorado Class would create a risk of inconsistent or varying adjudication with respect to

individual members of the Rule 23 Colorado Class that would establish incompatible standards of conduct for Defendants;

B. Defendants, by failing to pay wages and overtime wages when they became due and owing in violation of the Colorado Wage and Hour Laws and CWCA, have acted or refused to act on ground generally applicable to the Rule 23 Colorado Class, thereby making equitable relief appropriate with respect to the Rule 23 Colorado Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Rule 23 Colorado Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

59. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Rule 23 Colorado Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Colorado Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Colorado Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Rule 23 Colorado Class to protect his or her interests.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

60. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

61. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

62. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

63. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

64. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

65. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week

66. Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and the FLSA Collective, including, but not limited to, compensable work deemed by Defendants to be "non-billable," such as time spent traveling from work location to work location as part of their principal job activity, completing paperwork, and submitting reports on Defendants' client management software.

67. As a result, Defendants failed to pay Plaintiff and the FLSA Collective overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

68. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

69. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

70. Defendants are liable to Plaintiff and the FLSA Collective for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## COUNT II
## COLORADO MINIMUM WAGE ORDERS
## 7 C.C.R. 1103-1, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

71. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

72. At all times relevant hereto, Defendants were an "employer," as defined by the CMWO, C.R.S. 8-4-101(6); 7 C.C.R. § 1103-1:2.

73. At all times relevant hereto, Plaintiff and the Rule 23 Colorado Class are/were "employees" covered by the CMWO. C.R.S. 8-4-101(5); 7 C.C.R. § 1103-1:2.

74. Plaintiff and the Rule 23 Colorado Class regularly worked more than forty (40) hours per week.

75. Defendants violated the CMWO by failing to pay Plaintiff and the Rule 23 Colorado Class overtime compensation for all of the hours worked in excess of forty (40) per week.

76. At all times relevant hereto, Defendants were aware of the overtime requirements of the CMWO. Thus, Defendants' violations were willful.

### COUNT III
### COLORADO WAGE CLAIM ACT
### Colo. Rev. Stat. Ann. § 8-4-109, *et seq.*
### <u>FAILURE TO PAY EARNED WAGES</u>

77. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

78. The CWCA defines wages as "all amounts for labor or service performed by employees . . . if the labor or service to be paid is performed personally by the person demanding payment." C.R.S. § 8-4-101(9).

79. Under the CWCA, if an employee has been terminated, or quits or resigns from employment with unpaid wages remaining due, then that employee may submit a written demand for wages due. Colo. Rev. Stat. § 8-4-109(3)(a).

80. An employee is entitled to certain statutory penalties under CWCA if the employer does not make a legal tender of such wages in response to the written demand. *Id.* at § 109(3)(b).

81. If the employer makes a "legal tender of the amount that the employer in good faith believes is due," then the employer is exempted from statutory CWCA penalties in most circumstances. *Id.* at § 109(3)(a.5).

82. Plaintiff's employment terminated in or around May 2021.

83. At the time of his termination, Plaintiff was owed unpaid wages and overtime wages as a result of the violations of the FLSA and Colorado Wage and Hour Laws alleged herein.

84. Plaintiff made a written demand for unpaid wages to Defendants on July 16, 2021.

85. Defendants have not made a legal tender of the unpaid wages claimed in Plaintiff's written demand.

86.     As a result of Defendants' violations of the CWCA, Plaintiff and the Rule 23 Colorado Class are entitled to their unpaid compensation and overtime wages, as well as civil penalties, reasonable attorneys' fees, and costs pursuant to Colo. Rev. Stat. § 8-4-109.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed FLSA Collective and the Rule 23 Colorado Class, prays for judgment against Defendants as follows:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons within the FLSA Collective and Rule 23 Colorado Class, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period;

C.      Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and the FLSA Collective for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and the FLSA Collective unpaid overtime compensation in an amount consistent with the FLSA;

F.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

G. Awarding pre- and post-judgment interest and court costs further allowed by law;

H. Granting Plaintiff and the FLSA Collective leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court;

I. A declaratory judgment that Defendants' wage practices alleged herein violate Colorado's Wage and Hour Laws;

J. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23 with respect to the Colorado claims set forth herein;

K. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all members of the FLSA Collective and Rule 23 Colorado Class;

L. Authorizing Plaintiff's counsel to send notice(s) of this action to all members of the Rule 23 Colorado Class;

M. Designating Plaintiff as the representative of the FLSA Collective and Rule 23 Colorado Class in this action;

N. Designating the undersigned counsel as counsel for the FLSA Collective and Colorado Rule 23 Class in this action;

O. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff and the members of the Rule 23 Colorado Class are lawfully entitled under Colorado's Wage and Hour Laws;

P. An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Rule 23 Colorado Class in this action;

  Q. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and Colo. Rev. Stat. § 8-6-118; and

  R. Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective and Rule 23 Colorado Class may be entitled; and

  S. Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, BRIAN JAMES CARR, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Respectfully submitted,

**BROWN, LLC**

Dated: August 9, 2021

  /s/ Jason T. Brown
Jason T. Brown, Esq.
Nicholas Conlon, Esq.
111 Town Square Pl, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
*Attorneys for Plaintiff*