IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 1:21-cv-02147-RBJ

BRIAN JAMES CARR, individually and
on behalf of all others similarly situated,

        Plaintiff

   v.

ELIZABETH OSTENDORF, LLC d/b/a
COLORADO BEHAVIOR AND
LEARNING GROUP, and
ELIZABETH MARY OSTENDORF

        Defendants.

## ANSWER TO FIRST AMENDED COMPLAINT

Elizabeth Ostendorf, LLC d/b/a Colorado Behavior and Learning Group ("CBLG") and Elizabeth Mary Ostendorf (collectively "Defendants"), by their attorneys, Sparks Willson, P.C., answer the First Amended Class/Collective Complaint (the "Complaint") as follows:

1. Defendants deny the allegations in ¶1 of the Complaint.

2. Defendants deny the allegations in ¶2 of the Complaint.

3. Defendants deny the allegations in ¶3 of the Complaint.

4. Defendants admit the allegations in ¶4 of the Complaint.

5. Defendants admit the allegations in ¶5 of the Complaint.

6. Defendants admit the allegations in ¶6 of the Complaint.

7. Defendants admit the allegations in ¶7 of the Complaint.

8. In response to the allegations in ¶8 of the Complaint, Defendants admit that the venue is proper and deny the remaining allegations in ¶8 of the Complaint.

9. Defendants admit the allegations in ¶9 of the Complaint.

10. In response to the allegations in ¶10 of the Complaint, Defendants admit Plaintiff was employed as a Behavior Technician break staff employee from November 30, 2020 through June 18, 2021.

11. Defendants admit the allegations in ¶11 of the Complaint.

12. In response to the allegations in ¶12 of the Complaint, Defendants admit that CBLG is the trade name for Elizabeth Ostendorf, LLC with a principal place of business at 2920 North Academy Boulevard, Suite 210, Colorado Springs, CO 80918.

13. Defendants admit the allegations in ¶13 of the Complaint.

14. Defendants admit the allegations in ¶14 of the Complaint.

15. Defendants admit the allegations in ¶15 of the Complaint.

16. Defendants admit the allegations in ¶16 of the Complaint.

17. Defendants admit the allegations in ¶17 of the Complaint.

18. Defendants admit the allegations in ¶18 of the Complaint.

19. Defendants admit the allegations in ¶19 of the Complaint.

20. Defendants admit the allegations in ¶20 of the Complaint.

21. Defendants admit the allegations in ¶21 of the Complaint.

22. Defendants admit the allegations in ¶22 of the Complaint.

23. Defendants admit the allegations in ¶23 of the Complaint.

24. Defendants deny the allegations in ¶24 of the Complaint.

### RESPONSES TO GENERAL ALLEGATIONS

25. Defendants incorporate their answers to ¶¶1-24 above as if set out in full herein.

26. Defendants admit the allegations in ¶26 of the Complaint.

27. Defendants deny the allegations in ¶27 of the Complaint.

28. Defendants admit the allegations in ¶28 of the Complaint.

29. Defendants admit that BTs and RBTs may be required to report to assigned locations and meet with clients for designated sessions and deny the remaining allegations in ¶29 of the Complaint.

30. Defendants admit that BTs and RBTs are required to complete session summaries while in the presence of their clients and deny the remaining allegations in ¶30 of the Complaint.

31. Defendants deny the allegations in ¶31 of the Complaint.

32. Defendants deny the allegations in ¶32 of the Complaint.

33. In response to the allegations in ¶33 of the Complaint, Defendants admit that some of the work performed by BTs and RBTs is designated as "non-billable" work time because it cannot be billed to insurance companies, that the BTs and RBTs are paid for this work time, and deny the remaining allegations in ¶33 of the Complaint.

34. Defendants deny the allegations in ¶34 of the Complaint.

35. Defendants deny the allegations in ¶35 of the Complaint.

36. Defendants deny the allegations in ¶36 of the Complaint.

37. Defendants deny the allegations in ¶37 of the Complaint.

38. Defendants deny the allegations in ¶38 of the Complaint.

39. In response to the allegations in ¶39 of the Complaint, Defendants admit that travel time during the workday is designated as "non-billable" work time because it cannot be billed to insurance companies, that the BTs and RBTs are paid for this work time, and deny the remaining allegations in ¶39 of the Complaint.

40. Defendants deny the allegations in ¶40 of the Complaint.

41. Defendants deny the allegations in ¶41 of the Complaint.

42. Defendants admit the allegations in ¶42 of the Complaint.

43. Defendants deny the allegations in ¶43 of the Complaint.

## RESPONSES TO FLSA COLLECTIVE ACTION ALLEGATIONS

44. Defendants incorporate their answers to ¶¶1-43 above as if set out in full herein.

45. The allegations in ¶45 of the Complaint are Plaintiff's description of this action to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶45 of the Complaint.

46. The allegations in ¶46 of the Complaint are Plaintiff's description of the putative collective class to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶46 of the Complaint.

47. Defendants deny the allegations in ¶47 of the Complaint.

48. Defendants deny the allegations in ¶48 of the Complaint.

49. Defendants deny the allegations in ¶49 of the Complaint.

50. The allegations in ¶50 of the Complaint set forth Plaintiff's future request to authorize notice to the putative class to which no response is required. To the extent a response is required, Defendants deny the allegations and the action requested in ¶50 of the Complaint.

### RESPONSES TO CLASS ACTION ALLEGATIONS

51. Defendants incorporate their answers to ¶¶1-50 above as if set out in full herein.

52. The allegations in ¶52 of the Complaint are Plaintiff's description of the putative class to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶52 of the Complaint.

53. Defendants deny the allegations in ¶53 of the Complaint.

54. Defendants deny the allegations in ¶54 of the Complaint.

55. Defendants deny the allegations in ¶55 of the Complaint.

56. Defendants deny the allegations in ¶56 of the Complaint.

57. Defendants deny the allegations in ¶57 of the Complaint.

58. Defendants deny the allegations in ¶58 of the Complaint.

59. Defendants deny the allegations in ¶59 of the Complaint.

### RESPONSE TO COUNT I
### Fair Labor Standards Act, 29 U.S.C. § 201, e*t seq.*
### Alleging Failure to Pay Overtime Compensation

60. Defendants incorporate their answers to ¶¶1-59 above as if set out in full herein.

61. Defendants admit that CBLG is a business enterprise with gross annual business in excess of $500,000 and deny the remaining allegations in ¶61 of the Complaint.

62. Defendants deny the allegations in ¶62 of the Complaint.

63. Defendants admit the allegations in ¶63 of the Complaint.

64. Defendants admit the allegations in ¶64 of the Complaint.

65. Defendants deny the allegations in ¶65 of the Complaint.

66. Defendants deny the allegations in ¶66 of the Complaint.

67. Defendants deny the allegations in ¶67 of the Complaint.

68. Defendants deny the allegations in ¶68 of the Complaint.

69. Defendants deny the allegations in ¶69 of the Complaint.

70. Defendants deny the allegations in ¶70 of the Complaint.

### RESPONSE TO COUNT II
### Colorado Minimum Wage Orders, 7 C.C.R. 1103-1, *et seq.*
### Alleging Failure to Pay Overtime Compensation

71. Defendants incorporate their answers to ¶¶1-70 above as if set out in full herein.

72. Defendants admit CBLG is an employer and deny the remaining the allegations in ¶72 of the Complaint.

73. Defendants admit the allegations in ¶73 of the Complaint.

74. Defendants deny the allegations in ¶74 of the Complaint.

75. Defendants deny the allegations in ¶75 of the Complaint.

76. In response to ¶76 of the Complaint, Defendants deny any violations to 7 C.C.R. 1103-1, *et seq.*

### RESPONSE TO COUNT III
### Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109, e*t seq.*
### Alleging Failure to Pay Earned Wages

77. Defendants incorporate their answers to ¶¶1-76 above as if set out in full herein.

78. Defendants admit the allegations in ¶78 of the Complaint.

79. Defendants admit the allegations in ¶79 of the Complaint.

80. No response is required to the allegations in ¶80 of the Complaint. To the extent a response is required, Defendants deny the same.

81. No response is required to the allegations in ¶81 of the Complaint. To the extent a response is required, Defendants deny the same.

82. Defendants admit that Plaintiff's employment terminated on or about June 18, 2021.

83. Defendants deny the allegations in ¶83 of the Complaint.

84. Defendants admit that Plaintiff sent CBLG a letter but failed to identify what wages he claimed were owed, failed to comply with the wage demand requirements, and deny the remaining allegations in ¶84 of the Complaint.

85. Defendants admit the allegations in ¶85 of the Complaint and deny that Plaintiff is owed any unpaid wages.

86. Defendants deny the allegations in ¶86 of the Complaint.

87. Defendants deny each and every allegation in the Complaint not specifically addressed above.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief at all, including the relief requested in the Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred or limited because Defendants properly and fully paid Plaintiff, and all other employees, for all hours worked as required by applicable federal and state wage laws.

3. Plaintiff's claims are barred or limited because Defendants have a good faith defense to the claims as they acted in conformity with state and federal law for the calculation and payment of wages and overtime to their employees.

4. Plaintiff's claims are barred or limited because all or part of the time for which Plaintiff seeks compensation was spent engaged in activities that were not compensable.

5. Plaintiff is not entitled to recover liquidated damages because any act or omission by Defendants in violation of applicable law was in good faith, with the belief that it was legal, and the result of an honest misunderstanding, mistake, or reasonable dispute, or other good cause.

6. Plaintiff has failed to state a claim upon which relief may be granted because, among other reasons, Plaintiff was properly and fully paid for all hours worked in accordance with federal and state law.

7. Plaintiff's claims are barred in whole or in part by the *de minimus* rule.

8. Plaintiff's claims are barred or limited by the doctrines of estoppel, unclean hands, laches, and waiver.

9. Plaintiff's claims are barred or limited by the applicable statute of limitations.

10. Plaintiff is not entitled to a three-year statute of limitations period under the applicable statutes because even if Plaintiff is able to prove an alleged violation of those statutes, which Defendants expressly deny, any such violation was not willful.

11. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. §207.

12. Plaintiff's claims are barred in whole or in part because the claimed damages are speculative and therefore may not be recovered.

13. Plaintiff's action fails to meet the requirements of Colo.R.Civ.P. 23, Fed.R.Civ.P 23, and 29 U.S.C. §216(b) to be brought or maintained as a class or collective action.

14. Plaintiff's claims are barred to extent they seek to assert claims on behalf of other employees who are not similarly situated for purposes of the applicable statutes with respect to matters alleged in the Complaint.

15. Plaintiff's claims are not representative of a class of similarly related employees so that this action cannot be properly brought as a collective action under the Fair Labor Standards Act or a class action under Colorado law.

16. This action cannot be maintained as a collective or class action because the allegations, facts, and defenses relating to Plaintiff will not support a collective or class action.

17. This action cannot be maintained as a collective or class action because, during the Plaintiff's employment, Plaintiff was not similarly situated to other employees, and there is no commonality between Plaintiff's circumstances, individually and collectively, and those of any other employees.

18. Current and former employees of Defendant are not similarly situated for purposes of the applicable statutes.

19.     Plaintiff's claims are barred to the extent he failed to comply with CBLG's policies and procedures requiring him to record all hours worked for payroll purposes and CBLG did not otherwise know, or have reason to know, that he was performing compensable work activities.

20.     Plaintiff's claims are barred to the extent he seeks compensation for activities that are not compensable under federal and state law.

21.     To the extent any amounts are found due and owing to Plaintiff, which Defendants deny, Defendants are entitled to an offset equal to the amounts paid, or overpaid.

22.     Defendants reserve the right to add additional affirmative defenses as may be ascertained in the discovery process and as permitted by law and the rules of Court.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for dismissal of same, for judgment in their favor, for costs and attorney's fees expended in the defense thereof, for expert witness fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 3rd day of December  2021.

SPARKS WILLSON, P.C.

s/  Paul W. Hurcomb
Paul W. Hurcomb, CO Atty. Reg #32459
Jessica L. Kyle, CO Atty. Reg. #29293
24 South Weber Street, Suite 400
Colorado Springs, CO 80903
Ph: 719-634-5700
Fax: 719-633-8477
Email: pwh@sparkswillson.com
           jlk@sparkswillson.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 3rd day of December, 2021, addressed to:

Jason T. Brown
Nicholas Conlon
Ed Celiesius
Brown, LLC
111 Town Square Pl., Suite 400
Jersey City, NJ 07310
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
ed.celiesius@jtblawgroup.com
*Attorneys for Plaintiff*

                                                   By:  s/ *Paul W. Hurcomb*
                                                          Paul W. Hurcomb